**NACH, RODGERS, HILKERT & SANTILLI**
1220 E. Osborn Rd., Suite 101
Phoenix, AZ 85014
Telephone No.: (602) 258-6000
Facsimile No.: (602) 258-6003
Helen K. Santilli – 032441
Email: helen.santilli@NRHSLaw.com
docket@NRHSLaw.com

*Attorney for Lothar Goernitz, Case Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>SHADI HASSAN ERAKAT,<br><br>Debtor. | (Chapter 7 Case)<br><br>No. 2:25-bk-06038-DPC<br><br>**TRUSTEE'S MOTION TO SELL PROPERTY OF THE ESTATE SUBJECT TO ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES** |

Lothar Goernitz, Chapter 7 Trustee ("**Trustee**"), by and through counsel undersigned, herein files his *Motion to Sell Property of the Estate Subject to All Liens, Claims, Interests, and Encumbrances* ("**Motion**"). In support of his Motion, the Trustee submits the following Memorandum of Points and Authorities and the entire record of this administrative case.

## MEMORANDUM OF POINTS AND AUTHORITIES

### A. Factual Background

1. This case was commenced by a Voluntary Petition filed by Shadi Hassan Erakat ("**Debtor**") under Chapter 7 of Title 11, United States Code, on July 1, 2025 ("**Petition Date**").

2. Lothar Goernitz is the duly appointed and acting trustee in this case ("**Trustee**").

3. Among the assets of this Estate are the following claims (collectively, "**Claims**"):

| Recipient | Basis of Claim | Value of Claim |
|---|---|---|
| Joel Page (friend) | 11 U.S. Code § 547 | $1,500.00 |
| Abdullah Erakat (brother) | 11 U.S. Code § 547 | $6,000.00 |
| Haya Erakat (mother) | 11 U.S. Code §§ 547 and 548 | $13,800.00 |

4. On October 16, 2026, the Trustee filed a Sti*pulated Application to Compromise*

*Claims* ("**Application**") wherein the Debtor agreed to pay the sum of $15,000.00 over thirty months to resolve the Estate's interest in the Claims. (DE 28).

5. On November 12, 2025, the Court entered an *Order Approving Trustee's Stipulated Application to Compromise Claims* ("**9019 Order**"). (DE 35).

6. The 9019 Order provided, *inter alia*:

a. Debtor shall remit the Settlement Amount of $15,000.00 in full satisfaction of the Claims;

b. Debtor shall remit monthly payments to the Trustee in the amount of $500.00 on the first day of every month for thirty (30) months, with the first monthly payment of $500.00 to the Trustee due by November 19, 2025;

c. A balloon payment shall be made by Debtor on the first day of the twenty-fourth (24th) month for the then remaining balance (estimated to be $3,000.00 in November of 2027);

d. Prior to the month twenty-four (24) balloon payment becoming due, if Debtor receives federal and/or state tax refunds, Debtor will turnover 100% (up to the remaining outstanding balance) upon receipt to the Trustee in order to further pay down/pay off the Settlement Amount balance. Debtor shall provide copies of his tax returns within 7 days of completion to Trustee's counsel via email (helen.santilli@nrhslaw.com); and

e. Debtor agrees that failure to timely remit payment to the Trustee will constitute a default under the terms of this Application. In the event of default, a ten (10) day default notice will be delivered to the Debtor and their respective attorney. If Debtor fails to timely cure the default, Trustee may file an affidavit of non-payment and lodge a proposed judgment for the balance owing hereunder and reflecting judgment against Debtor, and the Trustee will be entitled to make application for any costs and attorneys' fees incurred by the Estate, from the date of default in order to collect the settlement funds.

7. As of the filing of this Motion, the Debtor has paid the total sum of $5,000.00, leaving a balance of $6,000.00 owed under the 9019 Order.

8. Through this Motion, the Estate is selling its right, title, and interest owed under the 9019 Order ("**Payment Stream**").

9. Any payments received between the filing of this Motion and the contemplated October sale shall be retained by the Estate. Any payments received after the contemplated sale shall be turned over to the buyer. An updated balance of what is owed under the Payment Stream shall be provided to purchasers at the below auction.

10. The Trustee is not aware of any interests or encumbrances related to the Payment Stream.

B. **SALE DETAILS**

11. The Trustee determined in his best business judgment that a sale of the Estate's interest in the Payment Stream could generate funds for the Estate and is in the best interest of the Estate.

12. The Trustee proposes to offer the Estate's interest in the Payment Stream for sale to the person making the highest and best bid at public sale on **Friday, October 30, 2026 at 8:30 a.m.** Bidders may place bids by attending the online auction at www.liquidation-sales.com. Parties may also participate by:

a. Using the below Zoom link:
   i. https://zoom.us/wc/83796797939/join?prefer=1&pwd=758448

b. Dialing in by calling the below number:
   i. Phone Number: 253-215-8782
   ii. Meeting ID: 837 9679 7939 #
   iii. Passcode: 758448

13. The sale remains subject to the Trustee's final approval; the Trustee reserves the right, in his sole business judgment, to reject any or all bids, including the highest bid, if the Trustee determines that the consideration offered is inadequate or that consummation of the proposed sale would not be in the best interests of the Estate.

14. The Trustee does have an opening offer from Steven Mitnick for $1,500.00 but will

solicit an opening offer at the October 30, 2026 sale.

15. **Prospective purchasers may not rely on the information in this Motion in making an offer and/or bid and must perform their own due diligence to analyze the value of this asset. The Payment Stream will be sold on an "AS IS" / "WHERE IS" basis, with no warranties, guarantees express or implied, subject to all liens, claims, encumbrances and interests.**

16. The Payment Stream will be sold subject to all liens, claims, interests, and encumbrances.

17. There has been no stay relief sought as to the Payment Stream.

18. The Trustee is not aware of any recent appraisals for the Payment Stream.

19. There are no broker's fees/compensation related to this sale.

20. The Trustee seeks authority to execute any documents necessary to carry out the provisions of this Motion.

21. Upon the later of the completion of the proposed sale and receipt of full payment of the purchase price, the Trustee shall execute any necessary Assignments or Bill of Sale transferring the Estate's interest in the Payment Stream to the prevailing bidder subject to the terms set forth herein.

22. The successful bidder shall remit the full purchase price in immediately available funds to Lothar Goernitz, Estate of Erakat, within five business days after conclusion of the auction. No right, title, or interest in the Payment Stream shall transfer until the Trustee has received the purchase price in cleared funds.

23. Any assignment by the Estate to the successful purchaser is only transferrable to the extent authorized by applicable law and any applicable agreement.

**C. LEGAL AUTHORITY**

24. This Court has jurisdiction over Debtor's Chapter 7 case under 28 U.S.C. § 1334. Proceedings with respect to the Motion are core proceedings that the Court may hear and decide. *See* 28 U.S.C. § 157(b)(1) and (b)(2)(A), (M), (N), and (O). Moreover, venue is appropriate pursuant to 28 U.S.C. § 1408(1).

25. Property of the Estate includes "all legal or equitable interests of the debtor in property

as of the commencement of the case." *See* 11 U.S.C. § 541(a). The concept of property of the estate is broad in scope, encompassing all kinds of property, including tangible and intangible property, causes of action, real and personal property, certain property held by the debtor in trust for others, and certain property of the debtor held by others. *See U.S. v. Whiting Pools*, 462 U.S. 198, n.9 (1983).

26. Section 363(b)(1) provides that "[t]he [T]rustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate …."

27. A trustee must demonstrate a sound business justification for a sale or use of assets outside of the ordinary course of business. *E.g., In re Continental Air Lines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986). Courts look to various factors to determine whether to approve a motion under section 363(b), such as: (i) whether a sound business reason exists for the proposed transaction; (ii) whether fair and reasonable consideration is provided; (iii) whether the transaction has been proposed and negotiated in good faith; and (iv) whether adequate and reasonable notice is provided. *In re Condere Corp.*, 228 B.R. 615, 626 (S.D. Miss. 1998).

28. Section 363(b)(1) authorizes the Trustee, after notice, to sell property of the Estate other than in the ordinary course of business.

29. The Trustee believes in his best business judgment that the prospective sale will generate funds for the benefit of the creditors of this Estate and is in the best interest of creditors and parties-in-interest. The sale will be conducted via public auction and will be subject to higher and better bids.

30. The Trustee is not aware of liens, claims, interests, or encumbrances which attach to the Payment Stream but makes no representations or warranties as to whether the Payment Stream is encumbered in any way. The Trustee seeks to sell the interest in the Payment Stream **as-is, where-is, with no representations, guarantees, or warranties, and subject to liens, encumbrances, and interests**.

31. Pursuant to Local Rule 6004-1, Trustee must file a motion and, after notice, obtain an Order approving a sale outside the ordinary course of business if the property being sold is

expected to have a value greater than $2,500.00. Therefore, this Motion is being filed in compliance with Local Rule 6004-1.

WHEREFORE, Lothar Goernitz, Trustee, prays for an Order of this Court as follows:

A. Granting the Motion;

B. Any sale remains subject to the Trustee's final approval;

C. Authorizing the Trustee to sell the Estate's right, title, and interest in the Payment Stream, on an 'AS IS, WHERE IS' basis, without representations or warranties of any kind, subject to all liens, claims, interests, and encumbrances, to the bidder submitting the highest and best offer acceptable to the Trustee;

D. Authorizing the Trustee to accept the proceeds from the sale of the Estate's interest in the Payment Stream;

E. Authorizing the Trustee to execute all additional documents and perform other such acts as may be necessary or reasonably requested to facilitate and complete the transaction; and

F. For such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 10th day September, 2026.

**NACH, RODGERS, HILKERT & SANTILLI**

By: /s/ Helen K. Santilli
Helen K. Santilli
*Attorney for Trustee*

COPY of the foregoing delivered via electronic notification to:

Jason S. Treguboff
Treguboff Law, PLC
PO Box 2385
Litchfield Park, AZ 85340
Email: jtreguboff@tregerlaw.com
*Attorney for Debtor*

Shadi Hassan Erakat
8729 W. Superior Ave.
Tolleson, AZ 85353
*Debtor*

COPY of the foregoing delivered via US mail to:

Office of U.S. Trustee
230 North First Avenue
Phoenix, AZ 85003
Email: jennifer.a.giaimo@usdoj.gov
Email: ustpregion14.px.ecf@usdoj.gov

By: */s/ Danica Acosta*